May it please the court. My name is Gabriel McCarthy and I represent Hector Cardona. He is an inmate in Idaho in prison. He is 68 years old. He is there for a drug trafficking offense. He is serving the balance of a life sentence because of that criminal conviction. I'd like to, I have ten minutes, I'd like to partition my time and reserve five minutes. So I'll briefly touch on what it is that a couple of things I'd like for the court to consider. Mr. Cardona, the facts of the case are very straightforward, was not very prudent in how he initially proceeded in this manner. He filed his first state court action one day shy of the expiration of the availability of that remedy. And it is our contention that that unfortunately left him with... It's one day shy if you include the 42 days for appeal? Yes, Your Honor. And there's some question as to whether we count that at all, right? Well, since he had an appeal waiver. Well, I'd ask that the court consider a few things in resolving that question. Well, but assuming that's the case, he's one day shy, right? Yes, assuming if you include the 42-day period for filing that initial direct appeal, which he did not do. That reference comes from a footnote in the state appellate court decision. That footnote also includes, the last sentence in that footnote is that the state... And he was represented by counsel in the state post-conviction? Yes. How did he get the lawyer? How did he get a lawyer? It was appointed to him? He was entitled? It was appointed by the state? Yes. I assume so. I have not looked closely at that issue, but that's what appears to have happened. But the lawyer said, we're here to do the state proceedings. This is state proceedings, not the federal. Yes. And then they get the notice, that first notice, and they pass it on to your client without filing a protective federal hades petition, so basically burned up the one remaining day? Yes, Your Honor. Did they have a responsibility to file a protective federal hades petition? I don't believe so, and there's no evidence in the record of that fact. The last letter from that attorney said, here's the remitter from your post-conviction case, and that concludes my representation. Well, no, I know that's what they said, but I'm asking a different question. I'm asking a question, does the lawyer have a responsibility to preserve the client's further rights, even if he wasn't representing him? I don't believe so. I think the scope of the representation is just in the state appellate court matter. I don't even know if that attorney is licensed to practice in federal court. It's a state appellate public defender, and obviously, I am not that person. I mean, if they had represented him in the federal case, that representation probably would have continued up until today. Well, not necessarily. There are all sorts of things. I mean, for example, a lawyer may represent a client at trial, not represent on appeal, but file a protective notice of appeal to preserve the client's rights, even though the client, the lawyer may choose not to represent the client on appeal or may not be appointed to do that. But if the appeal period or the time of filing a notice is short and the client doesn't have any other representation, I would think the lawyer, and I've seen cases where lawyers have filed a notice just to protect the client's rights. And I'm just wondering why this lawyer didn't have that responsibility when it knew or should have known that there was only one day left on the clock and there was no way in which the client could be notified and file a notice of appeal in a timely way. I think it's simply the fact that that attorney is a state employee. That is, their representation is in state courts. The scope of their representation is in state court. That's their job, their obligation. There's no evidence. There's nothing in the record to indicate that that attorney had any other obligation in excess to pursue anything in federal courts. Counsel, I have a jurisdictional question here. Where are we with respect to the 59E argument? Do we have jurisdiction over the equitable tolling argument from December 9th through December 20th? Is that before us? I guess the specific question is, was there ever a notice of appeal filed with respect to the 59E determination? Notice? I'm sorry. Notice of appeal. Was it ever appealed? Yes, it was appealed. Yes, that's why I'm here. I was appointed and contacted by the courts because the appeal was pending. What is it exactly that you're appealing then? What order of the district court are you appealing? The dismissal of the application for writ of habeas corpus. I'm sorry, that question has obviously caught me off guard. The order of the district court. And your contention is you've preserved the equitable tolling argument? Yes, Your Honor. All right, we'll hear what the state has to say. Okay. I don't know if I'm going to be able to. Do you want to preserve your time? What's that? You have three minutes left. Yes, I see that. I wanted to comment on a few things on the issue of whether or not the 42 days to file a direct appeal in state court is properly included in the tolling period. The state conceded that on the appeal in the state court, and it's a question of state law. And I'd ask that this court just side with the Idaho appellate court, the state attorney that argued that case to the Idaho appellate court, and then Judge Lodge, the federal district judge, that concluded it in the same manner. And then with respect to the possibility of a protective petition being filed, I'm not aware of any authority. It's something that I researched, and I just didn't find any authority for the existence of a protective petition. It's referenced in passing, I would say, by the U.S. Supreme Court, but the actual case that's discussed, Ryans v. Weber, is discussing the fact that a mixed petition that contains exhausted and unexhausted remedies is disfavored, and that a petition that's been filed, whether or not a stay can be granted, and that actually is disfavored. It's not all contemplated. That would have been filing before there was a decision by the state court, right? Yes, yes. So that explains why counsel didn't have a responsibility to file before there was a decision by the state court, right? I don't think that they would have been able to. Right. Because—and so I thought Your Honor was asking about, did they have an obligation to file a petition the day that they received— That's what I was asking you. But I don't think that they would have the ability to file a protective petition, which is before remediator was issued by the Idaho Supreme Court, because the 2254 says you shall exhaust all of your state court remedies, i.e. you can't file before remediator is received. And then the kind of the one reference that we have is talking about how mixed petitions are disfavored. And then—but a stay—and that the district courts, federal district courts, don't have authority to issue a stay in most circumstances. Well, I don't understand why you're giving that answer. I thought your answer was this was state counsel and they don't have any ability to file anything in federal court. I thought that was your answer. Yes. But—and then also I'm responding to the government's argument in their brief that Cardona, Mr. Cardona, should on his own have filed a, quote, protective petition prior to hearing the answer in state court. And I don't think that he would have been able to. Lastly, if I may— You're now in overtime. Thank you. We'll hear from the state. Thank you, Your Honor. May it please the Court, my name is Jessica Lorello. I represent the respondents. If I could, Judge Kaczynski, I would like to start answering a question you asked regarding whether Mr. Cardona was represented by counsel in postconviction. And I just want to clarify, he was not represented by counsel in postconviction at the trial level. He requested counsel in conjunction with filing his pro se petition, but counsel was not appointed. And that is—the order denying that is in the excerpts of record at page—I'm sorry, I can't read my handwriting, whether that's an 80 or an 86. So he had no right to counsel and counsel wasn't appointed, and then he—then he got counsel on appeal. He got counsel on his postconviction appeal, correct. But there was no counsel in the trial court on the postconviction petition. Okay. So the decision to file one day short of the deadline was his decision? That's correct. That's correct. And I certainly recognize that he's made some tolling arguments in relation to why he waited so long, but it was his decision. With respect to your question— Do you concede the 42 days? I don't concede the 42 days, Your Honor. The state is still offering that because, of course, if he is not given the 42 days, then the federal statute of limitations expired before he even did anything. And, of course, under the case law, he cannot revive an already expired statute of limitations based upon an equitable tolling argument. With respect to your question, Judge O'Scanlan, there was no notice of appeal filed in response to the district court's order denying the motion to alter amends. All right. And what are the implications of that? Anything, I think, that's presented—or anything that's presented in conjunction with that motion or the court's findings on that are not before this court on appeal. Okay. And, therefore, with respect to this particular case that's in front of us, what impact does that have here? I think the actual evidence that was offered in support of the motion to alter or amend was the affidavit of the state public defender regarding the process of giving him notice of the remitter from the Idaho Supreme Court on his post-conviction appeal. So, that said— Well, would I be wrong in concluding that the narrow question of the equitable tolling from December 9th to December 20th is not preserved, is not in front of us? From December 9th, 2011 until December 20th? I think that is correct, Your Honor. All right. Thank you. Yes. I'm sorry. What is correct? That the— There was essentially a gap between the question and the answer. I wasn't sure which— The arguments made in the motion to alter or amend, I think, went in support of tolling between December 9th and December 20th, 2011. But that argument and the court's decision on that argument was not appealed. And it's not in front of us? Correct. All right. Okay. And what's the significance of that period? That period is simply that the December 9th, 2011 was the date of the remitter, so that's the point at which he has one day, and then what he did between December 9th and December 20th when he actually filed his federal petition. So that period of time that he's trying to account for. But, frankly, at the end of the day, that period of time is really the least of his troubles in terms of the three— But by itself, it would be dispositive, would it not? Pardon? I didn't hear the first part. By itself, it would be dispositive, would it not? I mean, what by the— In other words, if he can't rely on that passage of time, that certainly puts him way over the one day. Yes, Your Honor. All right, okay. I'm sorry. That's all I'm trying to pin down. Sorry. Okay. And if I could, I also would like to touch on— And why is that not preserved? Because he didn't file a notice of appeal from the federal district court's order denying his motion to reconsider, and that's where he presented that argument and evidence on the equitable tolling question, Your Honor. Lastly, I just want to touch on the issue of the protective petition. Certainly, the state appellate public defender is not authorized to practice in federal court, does not file federal petitions, had no obligation to submit a federal petition on Mr. Cardona's behalf upon issuance of the remitter. Say you. Why is that? Are they prohibited from filing in federal court? Well, the statute that authorizes that agency's work is very specific as to what it can do. Well, it may not practice in federal court, but if that would preserve the client's rights, is there some ethical prohibition against filing something in federal court? There's not, Your Honor, that I'm aware of. There's just the statutory authority. They don't even have to be admitted to practice before the district court to file something that would preserve the client's rights. That's— A piece of paper, right, would be very easy to do. Sure. But even above and beyond that, Your Honor, there's no indication in the record that there was ever any communication with those attorneys that Mr. Cardona needed for that to be done, that that was an issue for him, that he only had one day left. Well, that just goes to the scope of their responsibility as lawyers. I mean, if you know that this is part of a process that continues in the federal court and that if there is no relief granted in the state court, the next step is to go to federal court, you would think counsel would figure out how much time is left for that and figure out what needs to be done and figure out that the client can't possibly file something in a timely fashion, and conscientious counsel would file a piece of paper in federal court to preserve the client's rights. That's what I would think. But opposing counsel doesn't seem to argue that, so maybe this is not something we need to address. And it would be the state's position, Your Honor, that that's just not within the scope of their representation. I don't know that they would— Well, if it were before us, I'd ask you why you thought that. But since it's not being argued by the other side, I don't see what the point is. But if I could just add one more thing that doesn't have to do with the State Appellate Public Defender, but just with Mr. Cardona himself filing something in federal court in response to the argument that he couldn't have done that under Reince v. Weber because it would be— Mature. Yes, but it's the state's position that he could have filed, knowing he has one day left, that he could have filed it no later than when his claims have been fairly presented to the Idaho Supreme Court in a petition for review, and that was done on October 26, 2011. Why wouldn't, at that point, it have been an unexhausted petition? Because the claims have been fairly presented at that point. It's not the situation where they're not right. For example, in this court's opinion in Rudin v. Miles, where there was a discussion of rightness because the petitioner had actually been granted relief in the state court. So it wasn't, you know, there's nothing right for him to present to the federal court because at that juncture he's gotten relief. And so it's not unreasonable for him not to anticipate that it's going to get reversed. This, I think, presents a fairly different situation. He has an order denying relief or opinion from the Idaho Court of Appeals. The only next step for exhaustion is fair presentation to the Idaho Supreme Court, and that is done in the brief in support of review. So with that, Your Honors, if there are no additional questions, the state or the respondents would ask this court to affirm the dismissal by the district court. Thank you. Thank you. You're out of time. Do you want to take a minute for rebuttal and specifically talk about those 21 days? Is that question before us? Okay. Yes. Your Honor, I did want to address that. Thank you. You know, the case law, I think, on equitable tolling is well thin, but certainly there is the existence of a mailbox rule. And to me, this is kind of a fairness question of why it would only work in one direction and not the other. I thought the question being raised is whether he appealed the ruling, whether it's before us, whether we can even consider it. And the state seems to argue that since this was raised in the motion for consideration, he did not appeal the motion for consideration, denial. That question is not before us, so we can't even rule on it. And if you knock out those 21 days and there's nothing left. That is true. Game and match, right? Yes, that is true. Mr. Cardona did file a notice of appeal. He did file a notice of appeal of what? Of the dismissal, right? I don't have my entire file with me. I brought, but I haven't, that he appealed document number 22. You didn't bring your file with you to court? What's that? You didn't bring your file with you to court? I didn't print out the entire register, every document from Judge Lodge's case. Look it up on your computer, then, if you didn't have it printed. You have it electronically here, don't you? I don't have access to a specific wording of the notice of appeal with me today, or right now. Just so we're talking about the same thing, I show that the judgment of dismissal was February 12, 2013, whereas the denial of the motion for reconsideration on Rule 59E was in December of 2013. I see that there was a timely notice of appeal of the dismissal, but I don't see any notice of appeal with respect to the Rule 59E motion. Help me out. Your Honor, what I have available to me is that Mr. Cardona appealed the February 12 judgment dismissing the case with prejudice, and that he did appeal that. I don't have the specific wording of the certificate of appealability in front of me. You didn't bring this to court either, right? Sorry, what's that? Remember printing this guy out? It's an excerpt of the record. You didn't bring that either. I have the excerpt of the record, yes. Maybe it's in there. Okay. If you need to grab it. Okay, thank you. I didn't answer the question. Maybe it's in there. Just to help you, counsel, the only notice of appeal I see is one dated March 10, 2013. The Rule 59E decision was made in December of the same year. December of 2013. Maybe I should rephrase the question. Is there any other notice of appeal in this case other than the March 10 notice of appeal from the dismissal? No. That is the only notice of appeal that I have. Okay. So then we don't look at the equitable tolling argument from December 9th to December 20th. Excuse me, February 9th to February 20th. Because that was the subject, as I understand it, of the Rule 59E motion. I would agree with that, Your Honor. All right. Very well. Thank you. So that's not before us? Well, I don't want to answer the question that way, obviously, that Mr. Cardona— Well, it's either before us or it's not before us. If you have an argument as to why it is before us, now is the time to speak up. Do you have an argument as to why that becomes something that we can consider? I'm looking at the February 12th, 2013 judgment. It's going to take me a second to find that, though. Well, the February 12th judgment is in the notice of appeal at page 162 of the excerpt. That's the March 14th notice, right? So that covers all issues raised in the original judgment. But there's nothing—there's no further notice of appeal from the issue for the denial of the motion to reconsideration, right? Except this is the only notice of appeal. Yes. So whatever was in the motion of reconsideration is not before us, right? Yes. When I have that February 12th, 2013 memorandum decision in order, and I'm reviewing it now, it discusses equitable tolling. And it discusses the—on the fifth page of that, the December 9th, 2011 to December 21st, 2011 time period, which I think is pretty much the only issue that I'm really raising in this appeal. And that's discussed in the memorandum decision. So I would— From the original judgment? Yes, from the—  I have it as—it's document 22 in the district court register of actions. It's February 12th, 2013. But where is it in the excerpt of Radeke? I'm sorry. Page 133. 133? Thank you. Yes, Your Honor. And where are you reading this equitable tolling argument in there? What page? Page 5. Page 5. Okay. Thank you. Thank you. Any further questions? In case there are any, we'll stand for a minute. We are in recess.
judges: Kozinski, O'scannlain, Gould